UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY MICHAEL SHATSWELL, Plaintiff, v. J. TAYLOR, et al., Defendants. | Case No. 19-cv-06883-EMC  **ORDER OF DISMISSAL**  Docket Nos. 1, 8 |

## I.    INTRODUCTION

Danny Michael Shatswell, formerly an inmate at the Correctional Training Facility in Soledad and currently an inmate at the Santa Rita Jail, filed this *pro se* civil right action under 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A. His "motion to seal" the action also is before the Court for review.

## II.    BACKGROUND

Mr. Shatswell alleges in his complaint that he was denied his right to due process when prison officials "improperly remov[ed him] from a college program designed to allow [him] to earn an earlier release." Docket No. 1 at 3. He further alleges that he was "denied the opportunity to earn [his] G.E.D., which would also allow [him] to earn an earlier release." *Id.* He also alleges that Defendants "claim[ Mr. Shatswell has] no proof of having a G.E.D. or college degree and [he is] somehow disqualified from taking both." *Id.* He seeks damages. *Id.*

The complaint alleges that the college coordinator at the prison refused to recognize Mr. Shatswell's G.E.D. certificate (that Mr. Shatswell insisted was real) because it was a copy rather than a sealed original and prison officials were unable to prove that Mr. Shatswell actually had a G.E.D. *Id.* at 5. Prison officials allegedly would not allow Mr. Shatswell to take college courses

due to the lack of an adequate G.E.D. certificate and would not let him earn another G.E.D. *Id.* Because Mr. Shatswell could not take college courses, he allegedly could not earn a college degree. *Id.*

A state regulation allows time credits for certain educational achievements by prisoners. Cal. Code Regs. tit. 15, § 3043.5. A prisoner can earn "educational merit credit" of 90 days for earning a high school diploma or high school equivalency certificate, and 180 days for earning an associate of arts or science degree or a bachelor of arts or science degree. *Id.* at § 3043.5(b). There are limitations on the credits, however: credit can "only be awarded once to an inmate upon proof the diploma, certificate, or degree was conferred during the inmate's current term of incarceration," and credit for a high school diploma or equivalency certificate "shall not be awarded to inmates" already possessing such a degree, approved equivalent, or a college degree before entering prison on his current term. *Id.* at § 3043.5(c). Moreover, upon release to parole or discharge from parole, any excess educational merit credit is deemed void. *Id.* at § 3043.5(e).

### III. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a

2

right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Prisoners do not have a constitutional right to an education. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) (deprivation of rehabilitation and educational programs does not violate the Eighth Amendment); *Toussaint v. McCarthy*, 801 F.2d 1080, 1092 (9th Cir. 1986) ("A liberty interest does not arise even when administrative segregation imposes 'severe hardships,' such as 'denial of access to vocational, educational, recreational, and rehabilitative programs'"); *Baumann v. Arizona Dep't of Corr.*, 754 F.2d 841, 846 (9th Cir. 1985) ("General limitation of jobs and educational opportunities [in prison] is not considered punishment."). Thus, district courts repeatedly have rejected § 1983 claims based on prison officials' denial of access to educational opportunities for prisoners. *See, e.g., Neal v. California*, 2019 WL 3975456, at *2, *report and recommendation adopted*, 2019 WL 5822744 (E.D. Cal. 2019) (dismissing as "without merit" plaintiff's claims that defendants failed to provide him with the necessary educational materials to earn early release including access to college programs and e-readers); *Hodge v. Santiesteban*, 2019 WL 2386056, at *1 (E. D. Cal. 2019) (relying on *Rhodes* and *Toussaint* for proposition that "there is no constitutional right to education in prison" and dismissing claim for relief based upon removal from education course when plaintiff was labelled a gang member); *Godoy v. Brown*, 2019 WL 359418, at *2 (N.D. Cal. 2019) ("With respect to plaintiff's allegations regarding the prisons' failure to provide educational programs, plaintiff is advised that there is no constitutional right to education or rehabilitation in prison.")

Here, the alleged actions of Defendants that caused Mr. Shatswell to be unable to enroll in G.E.D. or college courses did not violate his constitutional rights because he had no constitutional right to educational opportunities. Leave to amend will not be granted because it would be futile: the federal constitution simply does not guarantee the right Mr. Shatswell seeks to enforce.

Mr. Shatswell's complaint suggests that his main concern is not so much a desire to obtain an education and instead is a desire to obtain the time credits that are available as a result of taking educational courses. For the reasons explained next, even if one assumed there was some

3

constitutional right to take educational courses that could result in an earlier release – which the Court has just concluded there is not -- Mr. Shatswell does not state a factually plausible claim that he was deprived of the education merit credits by Defendants' actions.

Mr. Shatswell could not obtain any educational merit credit under the regulation for earning a G.E.D. because § 3043.5(c) disallows the credit where the inmate already had his G.E.D. before his current term started. Mr. Shatswell had obtained his G.E.D. long ago, in 1988, before he was incarcerated. Docket No. 1 at 18.

Mr. Shatswell also fails to allege facts to plausibly suggest that, but for Defendants' actions, he would have earned a college degree (either an Associate's or Bachelor's degree) in sufficient time to qualify for an educational merit credit. He started one 3-unit class in Fall 2018, and allegedly had to drop out of that class when prison officials determined he did not have valid proof of his G.E.D. on file. His transcript shows that he did not enroll in or complete any other classes. Docket No. 1 at 8. Mr. Shatswell was released from state custody by November 17, 2019. *See* Docket No. 5 (notice that he had completed his state prison term and was "currently housed in the Santa Rita County Jail awaiting transport to federal prison."). The combination of enrolling in a single 3-unit course in Fall 2018 and completing his prison term by November 17, 2019, indicates that Mr. Shatswell would have been able to earn an Associate's or Bachelor's degree only in the extremely unlikely event that he could take all the necessary classes (beyond the 3 units he could have earned in Fall 2018) in just one term (Spring 2018) or in just two terms (Spring 2018 and Fall 2019, but only if the Fall 2019 term ended and degrees were awarded in time for the education merit credit to be applied to his prison term before that term ended by on or about November 17, 2019). It is not plausible that Mr. Shatswell would have been able to take enough courses in one or two terms to earn a college degree, even if Defendants had not allegedly prevented him from completing the single 3-unit course he started in Fall 2018 and had not disallowed further college courses.

### IV. CONCLUSION

For the foregoing reasons, this action is **DISMISSED** for failure to state a claim upon which relief may be granted. Leave to file an amended complaint has not been granted because it

4

would be futile: there simply is no constitutional right to an education in prison.

Mr. Shatswell filed a "motion to seal" this action because he is in the process of moving to federal custody and will be without his property for some unspecified amount of time. Docket No. 8. The Court construes the motion to be a motion for a *stay* and **DENIES** the motion. Docket No. 8. For the reasons explained above, this action is being dismissed. There is no need to stay the action to wait for Mr. Shatswell to be reunited with his property, as nothing further is required of him in this action.

**IT IS SO ORDERED**.

Dated: January 14, 2020

_____
EDWARD M. CHEN
United States District Judge