UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY MICHAEL SHATSWELL, <br> Plaintiff, <br> v. <br> J. TAYLOR, et al., <br> Defendants. | Case No. 19-cv-06883-EMC <br><br> **ORDER DENYING MOTION FOR RECONSIDERATION** <br><br> Docket No. 12 |

Last month, the Court dismissed this action because the complaint's allegations that Plaintiff improperly had been removed from a college program and denied the opportunity to earn a second G.E.D. failed to state a claim upon which relief may be granted. *See* Docket No. 10. The Court explained that a § 1983 claim was not stated because there is no federal constitutional right to an education and, even if there is such a right, Plaintiff did not state a factually plausible claim that he was deprived of Educational Merit Credits (available upon earning a college degree) because he had not taken enough classes that it was at all likely that he could obtain a degree in short time available before he finished his prison term – i.e., given that his transcript reflected he had only started one 3-unit class in Fall 2018 and completed his prison term on November 17, 2019, it was not plausible that Plaintiff "would have been able to take enough courses in one or two terms to earn a college degree, even if Defendants had not allegedly prevented him from completing the single 3-unit course he started in Fall 2018 and had not disallowed further college courses." Docket No. 10 at 4.

Plaintiff now moves for reconsideration, arguing that he "has read case law that states because the prison offers college classes to other prisoners, college classes rise to the level of a

1  right" and because he had taken some unspecified college courses earlier in life that might help
2  him earn a second Associate's degree. Docket No. 12.

3  A party may move to alter or amend a judgment in a motion filed no later than 28 days
4  after entry of judgment. *See* Fed. R. Civ. P. 59(e). A motion for reconsideration under Federal
5  Rule of Civil Procedure 59(e) "'should not be granted, absent highly unusual circumstances,
6  unless the district court is presented with newly discovered evidence, committed *clear error*, or if
7  there is an intervening change in the controlling law.'" *McDowell v. Calderon*, 197 F.3d 1253,
8  1255 (9th Cir. 1999) (en banc).

9  Plaintiff has not shown newly discovered evidence, clear error, or an intervening change in
10 the law. Although he believes he there is a constitutional right to an education in prison, Plaintiff
11 identifies no particular cases so holding and the Court has not located any cases suggesting that
12 there is a federal constitutional right to an education in prison. Plaintiff's argument that maybe he
13 could have earned an Associate's degree is unpersuasive. Plaintiff states that he has an
14 Associate's degree with some unspecified amount of credits earned toward a Bachelor's degree
15 that he "could have easily used . . . to earn an Associate of Science degree." *Id.* Even if the
16 regulation permitted an inmate to earn Educational Merit Credits based on the attainment of a
17 second Associate's degree, the regulation plainly requires that the inmate earn at least 50% of the
18 necessary units while serving his or her current term. *See* Cal. Code Regs. tit. 15, § 3043.5(c)
19 ("Educational Merit Credit shall not be awarded for an associate . . . degree, unless the inmate
20 earned at least 50 percent of the units necessary for that degree while serving his or her current
21 term."). But Plaintiff does not state that he had already earned enough credits *and had done so*
22 *during his prison term* so that he could obtain a second Associate's degree before the end of his
23 prison term. Plaintiff is not entitled to relief from the order of dismissal because he has not
24 ///
25 ///
26 ///
27 ///
28 ///

alleged facts plausibly showing that he could have earned enough credits in the short time period available to him to obtain the Educational Merit Credit and, even if he could, the fact remains that there is no federal constitutional right to an education in prison. For these reasons, Plaintiff's motion for reconsideration is **DENIED**. Docket No. 12.

**IT IS SO ORDERED**.

Dated: February 10, 2020

_____
EDWARD M. CHEN
United States District Judge